J. R. LEGGETT and Eunice Leggett, Appellants,

v.

The CHURCH OF ST. PIUS OF CANNON FALLS, MINNESOTA, Appellee.

No. 17934.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 30, 1981.

Rehearing Denied May 28, 1981.

Philip Gates, Hodges, Gates & Halcom, Columbus, for appellants.

Joe S. Maida, Maida & Lincoln, Houston, Phillip L. Kunkel, Moratzka, Dillon & Kunkel, Cannon Falls, Minn., for appellee.

Before DOYLE, SMITH and EVANS, JJ.

EVANS, Justice.

This is an action in trespass to try title to the oil, gas and other minerals in and under a ten acre tract in Colorado County. The plaintiff church is the record owner of the mineral estate, and the defendants' claim is principally based upon adverse possession under the five and ten year statutes of limitation. After a non-jury trial, judgment was entered for the plaintiff, and the defendants appeal from that judgment.

The stipulated common source of title was Mrs. Louis E. Contella, a resident of Minnesota, who acquired the tract of land in 1913. Subsequently, in 1962, Mrs. Contella conveyed the surface of the land to defendant J. F. Leggett, reserving all of the oil, gas and other minerals in and under the land conveyed.

Mrs. Contella died testate in 1968, naming the plaintiff as the residuary beneficiary of her estate and her nephew, L. P. Schueller, as executor. Exemplified copies of Mrs. Contella's will and order admitting same to probate in Minnesota were subsequently filed in the deed records of Colorado County.

On November 6, 1969, L. P. Schueller executed a deed to defendant J. F. Leggett, purporting to convey, as executor of Mrs. Contella's estate, the oil, gas and other minerals in and under the subject land. It is the defendants' contention that this deed effected a merger of the surface and the mineral estates and that their use and possession of the land following that conveyance was adverse to the plaintiff.

When an executor under a foreign will properly recorded in the deed records of any county in this state is granted a power of sale with respect to any property of the estate situated in this state, no order of a court of this state is necessary to authorize the executor to make such sale and execute a proper conveyance. Tex.Prob.Code Ann. § 107. However, in the absence of a power of sale given in the foreign will, a purported conveyance by the executor is void. *Berry v. Hindman*, 61 Tex.Civ.App. 291, 129 S.W. 1181 (1910, writ ref'd).

It is apparent from the face of the record in the case at bar that the terms of Mrs. Contella's will do not give the executor

a power of sale with respect to any of the assets of her estate. Thus, the instrument of conveyance executed by the foreign executor was wholly ineffective to convey any title, and the instrument did not effect a merger of the surface and mineral estates.

It is undisputed that the defendants' continued possession of the surface estate was entirely consistent with their record ownership following severance of the mineral estate. It is also uncontroverted that the defendants did not exercise any physical dominion with respect to the mineral estate which would constitute notice to the plaintiff of their alleged adverse claim. It is well settled that a surface owner, and those claiming under him, cannot acquire a limitation title to the mineral estate merely by reason of exclusive possession of the surface estate after severance of the minerals. *Greene v. White*, 137 Tex. 361, 153 S.W.2d 575, 585 (1941).

The trial court properly determined that the plaintiff established a record title to the mineral estate in the subject land and that the defendants failed to establish any legal basis for their claim of ownership to the severed mineral estate.

The trial court's judgment is affirmed.